IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN WALKER, § | |
| § | |
| Movant, § | |
| § | No. 3:18-cv-0529-B (BT) |
| v. § | No. 3:14-cr-0487-B-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Stephen Walker, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Walker's § 2255 motion as time-barred, or in the alternative, deny the motion.

I.

Walker pleaded guilty to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), (e). On July 2, 2015, the District Court sentenced him to 360 months' imprisonment on each count, to run consecutively, for a total of 720 months' imprisonment. Walker appealed to the Fifth Circuit Court of Appeals, but the Court dismissed his appeal. On February 21, 2017, the Supreme Court denied Walker's petition for writ of certiorari.

1

Walker then filed this § 2255 motion, which was received in the Clerk's Office on March 6, 2018. In his motion, Walker argues: (1) he received ineffective assistance of counsel when his attorney erred by failing to object to the application of several sentencing enhancements in his case; (2) his Fifth and Sixth Amendment rights were violated when his attorney failed to object to the miscalculation of his recommended sentence through the use of both USSG §§ 4B1.5 and 3D1.4; (3) his due process rights were violated when he was misled into entering into a plea agreement with the Government; (4) 18 U.S.C. § 2251 is unconstitutional on its face; and (5) § 2251 is invalid as applied to him. In its response, the Government argues that Walker's § 2255 motion is time-barred. The Government further argues that Walker's claims are either procedurally defaulted, waived, meritless, or some combination thereof, and he fails to show he received ineffective assistance of counsel. Walker filed a reply, and the motion is ripe for determination.

II.

**1. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Walker's conviction became final on February 21, 2017, when the Supreme Court denied certiorari. Walker then had one year, or until February 21, 2018, to file his § 2255 motion.

Here, Walker's § 2255 motion is dated February 16, 2018. *See* Mot. 26 (ECF No. 1). But it was not received in the Clerk's Office until March 6, 2018. *Id*. 1. Walker incorrectly addressed his § 2255 motion to the "United States District Ct, 1100 Commerce St, 3rd Floor, Dallas, TX 75202," which is the address for the United States Attorney's Office. *Id*. 29. The United States Attorney's Office received his motion on or about March 1, 2018 and forwarded it to the Clerk's Office. *See id*. 27.

The Government contends that Walker's § 2255 motion is untimely and that he is not entitled to benefit from the prison mailbox rule. Resp. 6 (ECF No. 20). Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is

delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack*, 487 U.S. 266 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). A prisoner must do "all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner." *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). However, "[f]ailure to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail does not constitute compliance with this standard." *Id.* (emphasis removed); *see also Leyva v. United States*, No. 3:09-CV-276-K, 2009 WL 2245058, at *2 (N.D. Tex. July 27, 2009) (noting that the movant did not officially file his motion to vacate until he resubmitted it with proper postage).

Walker concedes that he mailed his motion to the wrong address. Reply 2 (ECF No. 21). He argues, however, that his mistake was "innocent" and that he should not be subjected to harsh effects because of it. (ECF No. 21 at 2.)

The Court should find that Walker is not entitled to benefit from the prison mailbox rule because he incorrectly addressed his § 2255 motion to the "United States District Ct, 1100 Commerce St, 3rd Floor, Dallas, TX 75202." That the United States Attorney's Office, which is in the same building as the Clerk's Office, received the motion and forwarded it to the Clerk's Office does not remedy Walker's failure to properly address his submission to the Court, which is required for him to avail himself of the benefit of the prison mailbox rule. *Thompson*, 993 F.2d at 515. In sum, Walker's § 2255 motion was not properly filed with the Court on or before February 21, 2018. Rather, his § 2255 motion was only filed with this

4

Court on March 6, 2018, when it was received in the Clerk's Office. Mot. 27-28. Walker's motion was therefore not timely filed.

**2. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Walker argues that his conviction became final on February 21, 2017, and his "motion [was] filed before the 1-year deadline." (ECF No. 1 at 10.) However, as noted above, Walker's motion was not timely filed, and he fails to demonstrate that he is entitled to equitable tolling. Specifically, he has failed to plead any facts showing he was misled by the Government or prevented in some extraordinary way from asserting his rights. Indeed, Walker waited until the end of the one-year

5

limitation period and then mistakenly sent his motion to the wrong address. Walker is therefore not entitled to equitable tolling.

III.

Even if Walker's § 2255 motion was timely filed, it should be denied.

**3. Procedural Bar**

Walker argues in his third claim that his due process rights were violated when he was misled into entering into a plea agreement with the Government. Specifically, he claims that, at his plea hearing, the Court failed to comply with requirements of Rule 11 of the Federal Rules of Criminal Procedure, and the sentence he ultimately received was inconsistent with his plea agreement with the Government. In his fourth claim, he argues that 18 U.S.C. § 2251 is unconstitutional on its face. Finally, in his fifth claim, Walker argues that § 2251 is invalid as applied to him. The Government contends that these three claims are procedurally barred because Walker could have—but failed to—raise them on direct appeal.

When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Ineffective assistance of counsel is cause for a procedural default." *Id*.

Walker argues that his appellate counsel could have raised the third, fourth, and fifth claims on direct appeal, but he failed to do so, and according to Walker,

his appellate counsel violated his due process rights by failing to present these issues on his behalf on direct appeal. Walker concludes that his appellate attorney's failure to provide effective assistance in this regard prejudiced him.

Walker makes only bare allegations that his appellate counsel provided ineffective assistance by failing to raise his third, fourth, and fifth claims on direct appeal. These allegations, however, are not supported by the record. Before the Fifth Circuit Court of Appeals, Walker's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). *See United States v. Walker*, 647 F. App'x 511 (5th Cir. 2016). The Fifth Circuit then conducted its own independent review of the record and ultimately concurred with Walker's appellate counsel that his case presented no nonfrivolous issues for appellate review. *See id.*

Walker has failed to demonstrate that his appellate counsel provided ineffective assistance of counsel. Because he has not demonstrated ineffective assistance of counsel, he cannot show cause and potentially prejudice to overcome the procedural bar. Walker's third, fourth, and fifth claims are therefore procedurally barred.

### 4. Ineffective Assistance of Counsel

In his first claim, Walker argues that he received ineffective assistance of counsel when his trial attorney failed to object to several sentencing enhancements. In his second claim, Walker argues that his Fifth and Sixth

Amendment rights were violated when his attorney failed to object to the miscalculation of his recommended sentence by using USSG §§ 4B1.5 and 3D1.4.

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if he proves his counsel's performance was deficient, a movant must still prove prejudice. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In Walker's first claim, he argues that his attorney provided ineffective assistance of counsel when he failed to object to the Court's application of

sentencing enhancements in violation of the Fifth and Sixth Amendments. Walker concedes that he pleaded guilty to the "base offense" for two counts of the indictment, but he claims that he did not admit to the "aggravating factors" alleged against him. Specifically, Walker notes that his Presentence Report (PSR) included enhancements that were recommended by the U.S. Probation Officer, and his attorney erred by failing to object to the application of these enhancements.

"The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guideline sentencing." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (footnote omitted); *see also United States v. Harper*, 448 F.3d 732, 734 (5th Cir. 2006); *United States v. Hebert*, 813 F.3d 551, 564 (5th Cir. 2015). Fifth and Sixth Amendment challenges to this preponderance of the evidence standard at sentencing are "foreclosed by our precedent . . . because we have held that courts can engage in judicial factfinding where the defendant's sentence ultimately falls within the statutory maximum term." *Hebert*, 813 F.3d at 564.

Walker was sentenced to 360 months' imprisonment on each of two counts of production of child pornography, to run consecutively, for a total of 720 months' imprisonment. The statutory maximum custodial sentence for those two counts was 30 years per count. (*See* PSR ¶ 84.) Walker's sentence therefore fell within the statutory maximum term, and his attorney did not err by failing to object.

In Walker's second claim, he argues that his Fifth and Six Amendment rights were violated when, at sentencing, his attorney failed to object to the miscalculation of his recommended sentence through the use of both USSG §§ 4B1.5(b) and 3D1.4. Walker also claims the issue should have been raised by his appellate counsel on direct appeal.

USSG §§ 4B1.5(b) and 3D1.4 involve two distinct considerations. USSG § 3D1.4, applicable to determining the combined offense level, was applied in Walker's case because he was convicted of multiple counts. (PSR ¶ 46.) With respect to USSG § 4B1.5(b), the Court determined that Walker's offense was a covered sex crime, neither USSG § 4B1.5(a) nor USSG §4B1.1 were applicable, and Walker engaged in a pattern of activity involving prohibited sexual conduct. Pursuant to USSG § 4B1.5(b), five levels were added to Walker's offense level. (PSR ¶ 48.) The PSR specifically notes that prohibited sexual conduct includes the production of child pornography, and as noted, Walker pleaded guilty to two counts of production of child pornography. *See* USSG § 4B1.5, comment. n.4(A)(ii). His attorney therefore did not err by failing to object to the application of both USSG §§ 4B1.5(b) and 3D1.4, and for the same reasons, his appellate attorney did not err by raising this issue on direct appeal.

## IV.

For the foregoing reasons, the Court should DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred, or in the alternative, DENY it.

Signed October 26, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).